MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
JAVIER GONZALEZ MARTINEZ,
*individually and on behalf of others similarly*
*situated,*

*Plaintiff*,

-against-

DISCOUNT CROTONA INC. (D/B/A
DOLLAR JUNCTION), DOLLAR TWO INC.
(D/B/A 99 CENT WONDER), MUHAMMED
S. ANDHA, HAROON R. ANDHA, SULTAN
AYUB, USEIR DOE, and AYUB ALAZAN,

*Defendants.*

-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Javier Gonzalez Martinez ("Plaintiff Gonzalez" or "Mr. Gonzalez"), individually

and on behalf of others similarly situated, by and through his attorneys, Michael Faillace &

Associates, P.C., upon his knowledge and belief, and as against Discount Crotona Inc. (d/b/a

Dollar Junction), Dollar Two Inc. (d/b/a 99 Cent Wonder), ("Defendant Corporations"),

Muhammed S. Andha, Haroon R. Andha, Sultan Ayub, Useir Doe, and Ayub Alazan, ("Individual

Defendants"), (collectively, "Defendants"), alleges as follows:

**NATURE OF ACTION**

1.      Plaintiff Gonzalez is a current employee of Defendants Discount Crotona Inc. (d/b/a

Dollar Junction), Dollar Two Inc. (d/b/a 99 Cent Wonder), Muhammed S. Andha, Haroon R. Andha,

Sultan Ayub, Useir Doe, and Ayub Alazan.

2.    Defendants own, operate, or control two discount stores, located at 1967 Crotona Avenue, Bronx, New York 10457 under the name "Dollar Junction" and at 110 West 145th Street, New York, New York 10039 under the name "99 Cent Wonder".

3.    Upon information and belief, individual Defendants Muhammed S. Andha, Haroon R. Andha, Sultan Ayub, Useir Doe, and Ayub Alazan, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the discount stores as a joint or unified enterprise.

4.    Plaintiff Gonzalez has been employed as a stock worker at the discount stores located at 1967 Crotona Avenue, Bronx, New York 10457 and 110 West 145th Street, New York, New York 10039.

5.    At all times relevant to this Complaint, Plaintiff Gonzalez has worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that he has worked.

6.    Rather, Defendants have failed to pay Plaintiff Gonzalez appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.    Defendants' conduct has extended beyond Plaintiff Gonzalez to all other similarly situated employees.

8.    At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiff Gonzalez and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

9.    Plaintiff Gonzalez now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards

Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

10.     Plaintiff Gonzalez seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Gonzalez's state law claims under 28 U.S.C. § 1367(a).

12.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate two discount stores located in this district. Further, Plaintiff Gonzalez has been employed by Defendants in this district.

## PARTIES

### *Plaintiff*

13.     Plaintiff Javier Gonzalez Martinez ("Plaintiff Gonzalez" or "Mr. Gonzalez") is an adult individual residing in Bronx County, New York.

14.     Plaintiff Gonzalez has been employed by Defendants at Dollar Junction and 99 Cent Wonder from approximately 2006 until the present date.

15.     Plaintiff Gonzalez consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

16.     At all relevant times, Defendants own, operate, or control two discount stores, located at 1967 Crotona Avenue, Bronx, New York 10457 under the name "Dollar Junction" and at 110 West 145th Street, New York, New York 10039 under the name "99 Cent Wonder".

17.     Upon information and belief, Discount Crotona Inc. (d/b/a Dollar Junction) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1967 Crotona Avenue, Bronx, New York 10457.

18.     Upon information and belief, Dollar Two Inc. (d/b/a 99 Cent Wonder) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 110 West 145th Street, New York, New York 10039.

19.     Defendant Muhammed S. Andha is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Muhammed S. Andha is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Muhammed S. Andha possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Gonzalez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

20.    Defendant Haroon R. Andha is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Haroon R. Andha is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Haroon R. Andha possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Gonzalez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

21.    Defendant Sultan Ayub is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Sultan Ayub is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Sultan Ayub possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Gonzalez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

22.    Defendant Useir Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Useir Doe is sued individually in his capacity as a manager of Defendant Corporations. Defendant Useir Doe possesses operational control over Defendant Corporations and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Gonzalez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

23.    Defendant Ayub Alazan is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Ayub Alazan is sued individually in his capacity as a manager of Defendant Corporations. Defendant Ayub Alazan possesses operational control over Defendant Corporations and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Gonzalez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

### *Defendants Constitute Joint Employers*

24.    Defendants operate two discount stores located in the Tremont section of The Bronx and in the West Harlem section of Manhattan in New York City.

25.    Individual Defendants, Muhammed S. Andha, Haroon R. Andha, Sultan Ayub, Useir Doe, and Ayub Alazan, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, or control significant functions of Defendant Corporations.

26.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

27.    Each Defendant possessed substantial control over Plaintiff Gonzalez's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Gonzalez, and all similarly situated individuals, referred to herein.

28.    Defendants jointly employed Plaintiff Gonzalez (and all similarly situated employees) and are Plaintiff Gonzalez's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

29.    In the alternative, Defendants constitute a single employer of Plaintiff Gonzalez and/or similarly situated individuals.

30.    Upon information and belief, Individual Defendants Muhammed S. Andha, Haroon R. Andha, and Sultan Ayub operate Defendant Corporations as either alter egos of themselves and/or failed to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

b)  defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporations for their own benefit as the sole or majority shareholders,

e)  operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

f)  intermingling assets and debts of their own with Defendant Corporations,

g)  diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

31.    At all relevant times, Defendants have been Plaintiff Gonzalez's employers within the meaning of the FLSA and New York Labor Law. Defendants have had the power to hire and fire

Plaintiff Gonzalez, have controlled the terms and conditions of employment, and have determined the rate and method of any compensation in exchange for Plaintiff Gonzalez's services.

32.    In each year from 2013 to the present date, Defendants have, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

33.    In addition, upon information and belief, Defendants and/or their enterprise have been directly engaged in interstate commerce. As an example, numerous items that are used in the discount stores on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

34.    Plaintiff Gonzalez is a current employee of Defendants who has been employed as a stock worker.

35.    Plaintiff Gonzalez seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Javier Gonzalez Martinez*

36.    Plaintiff Gonzalez has been employed by Defendants from approximately 2006 until on or about the present date.

37.    Defendants have employed Plaintiff Gonzalez as a stock worker.

38.    Plaintiff Gonzalez has regularly handled goods in interstate commerce, such as discount stores and other supplies produced outside the State of New York.

39.    Plaintiff Gonzalez's work duties have required neither discretion nor independent judgment.

40.    Throughout his employment with Defendants, Plaintiff Gonzalez has regularly worked in excess of 40 hours per week.

41.     From approximately January 2013 until on or about December 2013, Plaintiff Gonzalez worked at the 99 Cent Wonder location from approximately 9:30 a.m. until on or about 8:00 p.m., three days a week and from approximately 9:30 a.m. until on or about 8:10 p.m., three days a week (typically 63.5 hours per week).

42.     From approximately January 2014 until on or about December 31, 2018, Plaintiff Gonzalez worked at the Dollar Junction location from approximately 9:30 a.m. until on or about 8:00 p.m., six days a week (typically 63 hours per week).

43.     From approximately January 2018 until the present date, Plaintiff Gonzalez has worked from approximately 9:30 a.m. until on or about 8:00 p.m., six or seven days a week (typically 63 or 73.5 hours per week).

44.     Specifically, Plaintiff Gonzalez works six days per week one week a month and seven days per week three weeks per month.

45.     From approximately January 2013 until on or about November 2013, Defendants have paid Plaintiff Gonzalez his wages in cash.

46.     From approximately December 2014 until on or about the present date, Defendants have paid Plaintiff Gonzalez his wages by check.

47.     From approximately January 2013 until on or about December 2013, Defendants paid Plaintiff Gonzalez a fixed salary of $420 per week.

48.     From approximately January 2014 until on or about December 2014, Defendants paid Plaintiff Gonzalez a fixed salary of $440 per week.

49.     From approximately January 2015 until on or about December 2015, Defendants paid Plaintiff Gonzalez $8.75 per hour.

50.     From approximately January 2016 until on or about December 2016, Defendants paid Plaintiff Gonzalez $9.00 per hour.

51.     From approximately January 2017 until on or about December 2017, Defendants paid Plaintiff Gonzalez $10.50 per hour.

52.     From approximately January 2018 until on or about December 2018, Defendants paid Plaintiff Gonzalez $12.00 per hour.

53.     From approximately January 2019 until the present date, Defendants have paid Plaintiff Gonzalez $13.50 per hour.

54.     Plaintiff Gonzalez's pay has never varied even when he has been required to stay later or work a longer day than his usual schedule.

55.     For example, Defendants have required Plaintiff Gonzalez to work an additional 10 minutes past his scheduled departure time three days a week, and have not paid him for the additional time he has worked.

56.     Defendants have taken improper and illegal deductions from Plaintiff Gonzalez's wages; specifically, in two separate occasions in 2017, Defendants deducted thirty minutes from Plaintiff Gonzalez's weekly wages for arriving fifteen minutes late.

57.     No notification, either in the form of posted notices or other means, has ever been given to Plaintiff Gonzalez regarding overtime and wages under the FLSA and NYLL.

58.     Defendants have never provided Plaintiff Gonzalez an accurate statement of wages, as required by NYLL 195(3).

59.     In fact, Defendants have adjusted Plaintiff Gonzalez's paystubs so that they reflect inaccurate wages and hours worked.

60.    Defendants have never given any notice to Plaintiff Gonzalez, in English and in Spanish (Plaintiff Gonzalez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

61.    At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiff Gonzalez (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage and overtime compensation as required by federal and state laws.

62.    Plaintiff Gonzalez has been a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he has been owed for the hours he has worked.

63.    Defendants' pay practices have resulted in Plaintiff Gonzalez not receiving payment for all his hours worked, and have resulted in Plaintiff Gonzalez's effective rate of pay falling below the required minimum wage rate.

64.    Defendants have habitually required Plaintiff Gonzalez to work additional hours beyond his regular shifts but have not provided him with any additional compensation.

65.    Defendants' time keeping system has not reflected the actual hours that Plaintiff Gonzalez has worked.

66.    Defendants have paid Plaintiff Gonzalez his wages in cash from approximately January 2013 until on or about November 2013, and by check from approximately December 2013 until the present date.

67.     Defendants have failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

68.     Upon information and belief, these practices by Defendants have been done willfully to disguise the actual number of hours Plaintiff Gonzalez (and similarly situated individuals) have worked, and to avoid paying Plaintiff Gonzalez properly for his full hours worked.

69.     Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

70.     Defendants' unlawful conduct is intentional, willful, in bad faith, and has caused significant damages to Plaintiff Gonzalez and other similarly situated former workers.

71.     Defendants have failed to provide Plaintiff  Gonzalez and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

72.     Defendants have failed to provide Plaintiff Gonzalez and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of

the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

73.     Plaintiff Gonzalez brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

74.     At all relevant times, Plaintiff Gonzalez and other members of the FLSA Class were similarly situated in that they have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage and overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA.

75.     The claims of Plaintiff Gonzalez stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

76.     Plaintiff Gonzalez repeats and realleges all paragraphs above as though fully set forth herein.

77.    At all times relevant to this action, Defendants have been Plaintiff Gonzalez's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants have had the power to hire and fire Plaintiff Gonzalez (and the FLSA Class Members), have controlled the terms and conditions of their employment, and have determined the rate and method of any compensation in exchange for their employment.

78.    At all times relevant to this action, Defendants have been engaged in commerce or in an industry or activity affecting commerce.

79.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

80.    Defendants have failed to pay Plaintiff Gonzalez (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

81.    Defendants' failure to pay Plaintiff Gonzalez (and the FLSA Class members) at the applicable minimum hourly rate is willful within the meaning of 29 U.S.C. § 255(a).

82.    Plaintiff Gonzalez (and the FLSA Class members) have been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

83.    Plaintiff Gonzalez repeats and realleges all paragraphs above as though fully set forth herein.

84.    Defendants, in violation of 29 U.S.C. § 207(a)(1), have failed to pay Plaintiff Gonzalez (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

85.    Defendants' failure to pay Plaintiff Gonzalez (and the FLSA Class members), overtime compensation has been willful within the meaning of 29 U.S.C. § 255(a).

86.    Plaintiff Gonzalez (and the FLSA Class members) have been damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

87.    Plaintiff Gonzalez repeats and realleges all paragraphs above as though fully set forth herein.

88.    At all times relevant to this action, Defendants have been Plaintiff Gonzalez's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants have had the power to hire and fire Plaintiff Gonzalez, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

89.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, have paid Plaintiff Gonzalez less than the minimum wage.

90.    Defendants' failure to pay Plaintiff Gonzalez the minimum wage is willful within the meaning of N.Y. Lab. Law § 663.

91.    Plaintiff Gonzalez has been damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

92.    Plaintiff Gonzalez repeats and realleges all paragraphs above as though fully set forth herein.

93.      Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, have failed to pay Plaintiff Gonzalez overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

94.      Defendants' failure to pay Plaintiff Gonzalez overtime compensation is willful within the meaning of N.Y. Lab. Law § 663.

95.      Plaintiff Gonzalez has been damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

96.      Plaintiff Gonzalez repeats and realleges all paragraphs above as though fully set forth herein.

97.      Defendants have failed to provide Plaintiff Gonzalez with a written notice, in English and in Spanish (Plaintiff Gonzalez's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

98.      Defendants are liable to Plaintiff Gonzalez in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

**VIOLATION OF THE WAGE STATEMENT PROVISIONS**

**OF THE NEW YORK LABOR LAW**

99.      Plaintiff Gonzalez repeats and realleges all paragraphs above as though fully set forth herein.

100.      With each payment of wages, Defendants have failed to provide Plaintiff Gonzalez with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

101.      Defendants are liable to Plaintiff Gonzalez in the amount of $5,000, together with costs and attorneys' fees.

**SEVENTH CAUSE OF ACTION**

**UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION**

**OF THE NEW YORK LABOR LAW**

102.      Plaintiff Gonzalez repeats and realleges all paragraphs above as though set forth fully herein.

103.      At all relevant times, Defendants have been Plaintiff Gonzalez's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

104.      Defendants have made unlawful deductions from Plaintiff Gonzalez's wages; specifically, in two separate occasions in 2017, Defendants deducted thirty minutes from Plaintiff Gonzalez's weekly wages for arriving fifteen minutes late.

105.    The deductions made from Plaintiff Gonzalez's wages have not been authorized or required by law.

106.    Through their knowing and intentional efforts to take unauthorized deductions from Plaintiff Gonzalez's wages, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and supporting New York State regulations.

107.    Plaintiff Gonzalez has been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Gonzalez respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Gonzalez and the FLSA Class members;

(c)    Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Gonzalez and the FLSA Class members;

(d)    Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Gonzalez's and the

FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violations of the provisions of the FLSA are willful as to Plaintiff Gonzalez and the FLSA Class members;

(f)    Awarding Plaintiff Gonzalez and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)    Awarding Plaintiff Gonzalez and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)    Declaring that Defendants have violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Gonzalez;

(i)    Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Gonzalez;

(j)    Declaring that Defendants have violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Gonzalez's compensation, hours, wages and any deductions or credits taken against wages;

(k)    Declaring that Defendants' violations of the provisions of the NYLL are willful as to Plaintiff Gonzalez;

(l)    Awarding Plaintiff Gonzalez damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable

(m)      Awarding Plaintiff Gonzalez damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)      warding Plaintiff Gonzalez liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o)      Awarding Plaintiff Gonzalez and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(p)       Awarding Plaintiff Gonzalez and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(q)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)      All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Gonzalez demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

January 10, 2019

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:       /s/ Michael Faillace
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

January 2, 2019

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Javier Gonzalez Martinez

Legal Representative / Abogado:         Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                           02 de enero de 2019

*Certified as a minority-owned business in the State of New York*